IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELIA M. CAMPBELL,                )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )   Civil Action No. 12-1288
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
          Defendant.              )

O R D E R

AND NOW, this 10th day of April, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff challenges the decision of the Administrative Law Judge ("ALJ") regarding her mental health impairments on several grounds. While, as stated, the Court finds that substantial evidence supports the decision, a few points require further clarification. Plaintiff's primary argument is that the ALJ erred in not specifically addressing the Global Assessment of Functioning ("GAF") scores she received from several different treating and examining mental health care providers. Under the facts of this case, the Court disagrees that express discussion of these scores was necessary.

GAF scores do not directly correlate to a determination of whether an individual is or is not disabled under the Act:

> The GAF scale, which is described in the DSM-III-R (and the DSM-IV), is the scale used in the multiaxial evaluation system endorsed by the American Psychiatric Association. It does not have a direct correlation to the severity requirements in our mental disorders listings.

65 Fed. Reg. 50746, 50764-65. While under certain circumstances a GAF score can be considered evidence of disability, standing alone, a GAF score does not evidence an impairment seriously interfering with a claimant's ability to work. See Lopez v. Barnhart, 78 Fed. Appx. 675, 678 (10th Cir. 2003). GAF scores may indicate problems that do not necessarily relate to the ability to hold a job. See id.; Zachary v. Barnhart, 94 Fed. Appx. 817, 819 (10th Cir. 2004); Wilkins v. Barnhart, 69 Fed. Appx. 775, 780 (7th Cir. 2003); Howard v. Commissioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002); Power v. Astrue, 2009 WL 578478, at *8 (W.D. Pa. Mar. 5, 2009). Nonetheless, a GAF score is evidence that an ALJ should consider in determining a claimant's impairments and limitations in setting forth the claimant's residual functional capacity ("RFC") and in fashioning a hypothetical question to the vocational expert ("VE"). See Irizarry v. Barnhart, 233 Fed. Appx. 189 (3d Cir. 2007).

Of course, an ALJ need not discuss every piece of evidence in the record, see Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001), and GAF scores are not afforded any unique status in that they must expressly be discussed and analyzed in all cases. The Court must look at the overall context. For instance, in Gilroy v. Astrue, 351 Fed. Appx. 714 (3d Cir. 2009), the Third Circuit Court of Appeals held that remand was not required where the ALJ did not reference a GAF score of 45 assigned by the treating psychiatrist where the ALJ did refer to observations from the psychiatrist's reports and where the psychiatrist did not explain the basis for the GAF score.

In this case, there is no indication that Plaintiff's GAF scores related to any specific work-related limitations. Here, as in Gilroy, none of Plaintiff's treating physicians or psychologists offered any opinion as to whether Plaintiff had any such limitations, nor did any of these professionals suggest that Plaintiff's GAF scores referred to work-related impairments or restrictions. This is not, therefore, a case where the ALJ ignored GAF scores offered by treating physicians or psychologists in the course of rejecting limitations offered by those professionals. Rather, the ALJ accepted their findings, including the GAF scores, but these findings contained no evidence of any particular limitations. Plaintiff's GAF scores, standing alone, do not indicate whether she faces limitations in working or what those limitations would be. While a GAF score can assist an ALJ in understanding the limitations contained in the opinions of medical professionals, the actual number itself does little to describe the specific functional limitations caused by the claimant's impairments. See Howard, 276 F.3d at 241 ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy."). It is the limitations faced by a claimant, and not an ambiguous GAF score, that must be included in the RFC and hypothetical. The RFC and hypothetical question in this case contained numerous limitations based on Plaintiff's mental health impairments, despite the fact that none of Plaintiff's treating or examining physicians or psychologists opined that she had any work-related limitations. Indeed, the only person to offer an opinion as to Plaintiff's work-related limitations, Trina Christner-Renfroe, Psy.D., the state reviewing agent, actually found fewer restrictions than were ultimately included in the RFC by the ALJ. (R. 508-09).

Plaintiff seems to argue also that her GAF scores were somehow relevant to the ALJ's discussion of her credibility regarding the intensity, persistence, and limiting effects of her symptoms. However, she does not indicate how the GAF scores provide support for any work-related limitations. Moreover, the ALJ's credibility determination was not based on a lack of evidence of serious limitations. Indeed, she specifically found that there was "evidence that the claimant has some very substantial limitations." (R. 28). Rather, her determination as to Plaintiff's credibility was based primarily on Plaintiff's less than candid statements about her drug use and her frequent instances with non-compliance with prescribed treatment. (R. 26-27). Plaintiff's GAF scores do not bear on these issues.

Under these circumstances, there was no particular need to discuss the GAF scores themselves. The ALJ did not reject the scores, or any of the medical evidence in this case, but rather used the evidence to formulate the RFC and hypothetical to the VE, which actually contained more restrictions than were included in the only opinion in the record as to such limitations. Plaintiff has not demonstrated how any of the limitations contained in the RFC are contradicted by her GAF scores. Moreover, since a GAF score does not directly correlate to a finding of disability, and since a GAF score can mean many things, there would be no basis for including the score itself in the RFC. Simply put, nothing in the RFC determined by the ALJ suggests that she rejected the scores. See Rios v. Commissioner of Soc. Sec., 444 Fed. Appx. 532, 535 (3d Cir. 2011) (remand not warranted where ALJ was not cherry-picking or ignoring medical assessments that ran counter to her finding).

Plaintiff further argues that the ALJ erred in not including restrictions related to excessive absenteeism and excessive time off-task in the hypothetical question to the VE. However, as the ALJ explained in her decision, she did not find

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 5) is DENIED and defendant's Motion for Summary Judgment (document No. 7) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

any foundation in the evidentiary record for such limitations. (R. 29). Although a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). The hypothetical on which the decision relied contained all of the limitations found by the ALJ, and substantial evidence supports her findings. While Plaintiff's attorney did proffer additional limitations regarding Plaintiff's alleged absenteeism and time off-task in an alternative hypothetical to the VE, the ALJ did not ultimately find such limitations. See Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) ("[W]hile the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." (citing Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984))).